NOT FOR PUBLICATION                                            [Dkt. Ent. 2]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ROBIN BENDER,<br><br>               Plaintiff,<br><br>   v.<br><br>HUD and BHA,<br><br>               Defendants. | Civil No. 09-5599 (RMB/KMW)<br><br>**MEMORANDUM AND ORDER** |

**BUMB,** UNITED STATES DISTRICT JUDGE:

     This matter comes before the Court upon a motion to dismiss for lack of subject-matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1), by the defendant captioned as "HUD" (the United States Department of Housing an Urban Development). Plaintiff Robin Bender (the "Plaintiff"), proceeding pro se, brought this action against HUD, as well as the Bridgeton Housing Authority ("BHA"), alleging a variety of state-law claims arising from the poor conditions of her apartment, which, she avers, caused her to become ill.[1]  She initiated this action in the

---

[1] Plaintiff is a tenant of a residential housing property owned and maintained by BHA.  Her complaint avers that sewer and rusted water brought about breathing problems and infections on her feet.
    Pursuant to the United States Housing Act of 1937, 42 U.S.C. § 1437, HUD administers a grant program that provides funding for local public housing agencies for the operation and maintenance of low income public housing projects.  42 U.S.C. § 1437a(b)(6).

1

Superior Court of New Jersey, Cumberland County, on October 5, 2009, but, on November 2, 2009, HUD timely removed the action to this Court. HUD now moves to dismiss the claims against it due to a number of defects in the Court's subject-matter jurisdiction.

## LEGAL STANDARD

Defendant brings this motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. Rule 12(b)(1) motions may challenge subject-matter jurisdiction based upon the complaint's face or its underlying facts. Pittman v. Metuchen Police Dept., No. 08-2373, 2009 WL 3207854, *1 (D.N.J. Sept. 29, 2009) (citing James Wm. Moore, 2 Moore's Federal Practice § 12.30[4] (3d ed. 2007)). "A facial attack questions the sufficiency of the pleading, and in reviewing a facial attack, a trial court accepts the allegations in the complaint as true." Id. A factual attack, by contrast, calls upon the court to engage in a weighing of the evidence. Id. Although a court's inquiry when considering a motion to dismiss is normally limited in scope to the pleadings and related documents, a Rule 12(b)(1) motion based upon a factual challenge enables consideration of evidence extrinsic to the pleadings,

---

Although the local agencies administer the program, HUD imposes minimum standards for the physical condition of the housing. 24 C.F.R. §§ 965.601, 5.703. HUD requires that leases include the requirement that dwelling units be "maintain[ed] . . . in decent, safe and sanitary condition." Id. at § 966.4(e)(1).

such as depositions and affidavits.  <u>Gould Electronics Inc. v. Unite States</u>, 220 F.3d 169, 176 (3d Cir. 2000) (citing <u>Gotha v. United States</u>, 115 F.3d 176, 178-79 (3d Cir. 1997)).

### DISCUSSION

HUD propounds three bases for its Rule 12(b)(1) motion.  It contends, first, that the initial filing of this case in state court, which was improper, now deprives this Court of jurisdiction, since this Court's post-removal jurisdiction is merely derivative of the state court's jurisdiction.  HUD contends, second, that it is not properly a named defendant, since the Federal Tort Claims Act waives sovereign immunity in limited cases only for claims against the United States, not federal agencies.  Finally, HUD contends that Plaintiff's failure to exhaust administrative remedies before initiating suit deprives the Court of subject-matter jurisdiction.  The Court finds all three of HUD's arguments to be persuasive, but it need not resolve the procedural complexities implicated by the first two.[2]

---

[2] It is a matter of dispute whether a federal district court's post-removal jurisdiction is derivative of the state court's jurisdiction.  Congress amended the general removal statute, 28 U.S.C. § 1441, to eliminate derivative jurisdiction, thus allowing cases removed pursuant to that statue to continue in federal court even where the state court did not have jurisdiction.  <u>Palmer v. City Nat'l Bank of West Virginia</u>, 498 F.3d 236, 239 (4th Cir. 2007).  However, derivative jurisdiction has still been held to apply to cases that are removed pursuant to § 1442, a statute that allows removal where the United States or its agencies are named defendants.  <u>Id.</u>  Here, HUD cited <u>both</u>

Claims against the United States and its agencies are barred by the doctrine of sovereign immunity unless the immunity is waived. United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003); F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994). If a plaintiff cannot establish that her claim against a federal agency is waived by statute or otherwise, a court should dismiss the claim for lack of subject-matter jurisdiction. White-Squire v. U.S. Postal Service, __ F.3d __, 2010 WL 293048, *2 (3d Cir. Jan. 10, 2010). For claims sounding in tort, the extent of the United States's waiver of sovereign immunity is governed by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80. Id. Thus, when suing an agency of the United States in tort, a plaintiff must comply with the FTCA's procedural requirements. Id. Here, because HUD, a federal agency, is being sued in tort by Plaintiff,[3] HUD will be deemed to have waived its sovereign immunity only to the extent prescribed by the FTCA. In other words, if Plaintiff's claims fall outside the FTCA's limited

---

§§ 1441 and 1442 in its removal petition, but it now claims that its citation to § 1441 was in error.

As to HUD's second asserted basis for dismissal -- the improper naming of HUD rather than the United States as a defendant -- this defect can easily be cured with leave to amend.

[3] Plaintiff's complaint clearly sounds in tort, as she is seeking recovery for personal injuries that she is alleged to have suffered. The Court cannot construe the complaint as raising a contract claim against HUD, because there was no privity of contract between Plaintiff and HUD. See 24 C.F.R. § 966.4.

waiver of sovereign immunity, the Court will lack subject-matter jurisdiction to adjudicate them.

The FTCA requires exhaustion of administrative remedies before initiating suit. It provides, "An action shall not be instituted for money damages for injury . . . unless the claimant shall first have presented the claim to the appropriate Federal agency" and that claim has been finally denied by that agency in writing. 28 U.S.C. § 2675. As this is a jurisdictional requirement, it should be followed strictly. Roma v. United States, 344 F.3d 352, 362 (3d Cir. 2003).

Here, it appears that Plaintiff did not file a claim with HUD before initiating this suit. A Declaration of Miniard Culpepper, HUD's New England regional counsel, attests that "[P]laintiff, Robin Bender, has not filed a claim for injury or damages with the U.S. Department of Housing and Urban Development." (Culpepper Decl. at 1 [Dkt. Ent. 2:2].)[4] Plaintiff has not disputed this account. Thus, Plaintiff's claim against HUD is barred by the FTCA. As the FTCA defines the bounds of this Court's subject-matter jurisdiction, the Court must grant HUD's Rule 12(b)(1) motion on this basis. However, mindful that Plaintiff is proceeding pro se in this action, the Court will dismiss her claims against HUD without prejudice and

---

[4] As discussed supra, consideration of extrinsic evidence on a fact-based Rule 12(b)(1) motion is permissible. See Gould Electronics, 220 F.3d at 176.

allow her fourteen days to establish that she did, in fact, satisfy the procedural exhaustion requirement.

Furthermore, because federal jurisdiction was predicated upon HUD being a party-defendant, the Court, in its discretion, declines to exercise supplemental jurisdiction over the remaining claims against BHA.  See 28 U.S.C. 1367(c); Combs v. Homer Center Sch. Dist., 540 F.3d 231, 253-54 (3d Cir. 2008).  The Court will therefore remand this action to the Superior Court of New Jersey, Cumberland County.

## CONCLUSION AND ORDER

For the reasons stated herein,

**IT IS** on this, the **19th** day of **February 2010**, hereby

**ORDERED** that the motion to dismiss for lack of subject-matter jurisdiction by HUD shall be **GRANTED**; and it is further

**ORDERED** that Plaintiff's claims against HUD shall be **DISMISSED WITHOUT PREJUDICE**, leaving Plaintiff fourteen days to establish that she did in fact exhaust administrative remedies; and it is finally,

**ORDERED** that if Plaintiff fails to show that she exhausted administrative remedies, this case will be **REMANDED** to the Superior Court of New Jersey, Cumberland County.

s/Renée Marie Bumb
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE